```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

|  |  |  |
|---|---|---|
| ALDO RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04-12727-MEL |
| v. | ) | |
| | ) | |
| SHERRI WILLIAMS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

<u>PROCEDURAL ORDER</u>

On December 21, 2004, plaintiff Aldo Ramirez filed a civil lawsuit and an application for waiver of the prepayment of the $150.00 fee for filing the lawsuit. However, Ramirez did not submit a certified prison account statement with his application. Ramirez did indicate that he had attached an "inmate 6-month financial printout," but no such document was filed with the Court.

A party bringing a civil action must either (1) pay the $150.00 filing fee when filing the complaint; or (2) file an application to proceed without prepayment of the filing fee. <u>See</u> 28 U.S.C. § 1914(a) (filing fees); § 1915 (proceedings <u>in forma pauperis</u>). Where the plaintiff is a prisoner, an application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration. <u>See</u>

28 U.S.C. § 1915(a)(2). For the convenience of litigants, this Court provides a standardized form for fee waiver applications, in which the applicant is directed to attach a ledger sheet from the institution of incarceration showing at least the past six months' transactions. Because Ramirez has not submitted a certified prison account statement, he shall be granted additional time to do so.

ACCORDINGLY, the plaintiff's application to proceed without prepayment of fees is denied without prejudice for the reasons stated above.

If Ramirez wishes to proceed with this action, he shall, within 42 days of the date of this order, either (1) submit the $150.00 filing fee; or (2) submit a new application to waive prepayment of the filing fee with a certified account statement for the 6-month period immediately preceding the filing of this action. If Ramirez fails to take either of these actions within the prescribed time period, this action will be dismissed without prejudice for failure to pay the filing fee.

Moreover, Ramirez is hereby put on notice that even if he complies with this Order and the Court grants his application to proceed without prepayment of the filing fee, he will nevertheless be required to pay the full amount of the filing

fee. See 28 U.S.C. § 1915(b)(1)-(2)(prisoners filing civil actions are required to pay the full amount of the filing fee, even when proceeding in forma pauperis). Based on the information contained in the account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from Ramirez's account, followed by payments on a continuing monthly basis until the entire $150.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2).

The Clerk is directed to send Ramirez an application to proceed without prepayment of fees and affidavit with this order.

SO ORDERED.

Dated at Boston, Massachusetts, this 10th day of January, 2005.

/s/  Morris E. Lasker
UNITED STATES DISTRICT JUDGE