```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

ALDO RAMIREZ,                   )
                                )
        Plaintiff,              )
                                )     C.A. No. 04-12727-MEL
        v.                      )
                                )
SHERRI WILLIAMS,                )
                                )
        Defendant.              )
```

MEMORANDUM AND ORDER OF DISMISSAL

For the reasons stated below, the Court dismisses this action in its entirety.

BACKGROUND

On December 27, 2004, plaintiff Aldo Ramirez filed the complaint in this action as well as an affidavit, ex parte motion for a lien on the defendant's property, and an application to proceed without prepayment of the $150.00 fee assessed for commencing a civil action.  On January 28, 2005, Ramirez filed a second application to proceed in forma pauperis and, as required by 28 U.S.C. § 1915(a)(2), enclosed a statement of activity for his trust fund account at FCI Florence, where Ramirez is currently incarcerated.  In a separate order, the Court granted Ramirez's request to proceed without prepayment of the filing fee.

In his complaint, Ramirez alleges that in 2000 and 2001, his former landlord, defendant Sherri Williams, fraudulently

endorsed two checks made payable to Ramirez and deposited the checks into her personal bank account. Both Ramirez and Williams lived in Chelsea, Massachusetts at the time of the alleged events.

Ramirez claims that Williams violated his rights under the Fourteenth Amendment of the Constitution by depriving Ramirez of his property. Ramirez further alleges that Williams violated his right under the Eighth Amendment to be free from cruel and unusual punishments because Williams's alleged misconduct has caused Ramirez to suffer severe emotional distress. Ramirez maintains that this conduct is actionable under 42 U.S.C. § 1983 or under the rule stated in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Ramirez states, however, that Williams was not acting "under color of state law." Compl. at 2. Ramirez seeks $5,809.98 with interest in actual damages and $50,000.00 in punitive damages. See id. at 8.

## DISCUSSION

I. Ramirez Has Not Stated a Claim for Relief

When a plaintiff seeks to file a complaint without prepayment of the filing fee, a summons does not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of

28 U.S.C. § 1915.  This statute authorizes federal courts to dismiss complaints <u>sua sponte</u> if the claims are based on an "indisputably meritless legal theory" or "factual contentions that are clearly baseless."  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); <u>see also</u> <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001) (citations omitted) (<u>sua sponte</u> dismissal appropriate where allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption).

Here, Ramirez's claims are based on an indisputably meritless legal theory.  Ramirez purports to bring claims for violation of his rights under the Eighth and Fourteenth amendments of the United States Constitution.  These claims fail whether they are couched as causes of action under 42 U.S.C. § 1983 or <u>Bivens</u> because Ramirez has not alleged any misconduct by a state or federal actor that would trigger the protection provided by these amendments. <u>See, e.g.</u>, <u>Cruz-Erazo v. Rivera-Montanez</u>, 212 F.3d 617, 621 (1st Cir. 2000) ("[T]to state a claim under § 1983, a plaintiff must allege ...  that the perpetrator of the violation was acting under color of law."); <u>Yeo v. Town of Lexington</u>, 131 F.3d 241, 248-49 (1st Cir. 1997) ("If there is no state action, then the court may not impose constitutional obligations on (and thus

restrict the freedom of) private actors."). In fact, Ramirez states in his complaint that Williams was not acting under color of law. The Court cannot infer from any of the allegations in the complaint that Williams was a government actor.

Ramirez's failure to suggest a plausible theory of liability against Williams merits dismissal of this action. The Court is well aware that "dismissal on the court's own initiative [under 28 U.S.C. § 1915], without affording the plaintiff either notice or an opportunity to be heard ... is disfavored in federal practice." Gonzalez-Gonzalez, 257 F.3d at 36. Nonetheless, "[i]f it is crystal clear," as it is here, "that the plaintiff cannot prevail and that amending the complaint would be futile," then a sua sponte dismissal is appropriate. Id. at 37. See also Ross v. Massachusetts Comm'n Against Discrimination, 69 F.3d 531 (table), 1995 WL 648259, at *1 (1st Cir. 1995) ("There was no abuse in the court's failure to conjure up all conceivable unpled allegations to save a legally baseless complaint. Nor was the court required to provide an opportunity to amend prior to dismissing a complaint which had no arguable basis in the law." (citation omitted)) (not selected for publication).

II. <u>The Court Lacks Subject Matter Jurisdiction</u>

   A. <u>The Court's Authority to Inquire<br>into Its Subject Matter Jurisdiction</u>

Ramirez's action is also subject to dismissal because the Court lacks subject matter jurisdiction to entertain Ramirez's claims. Federal district courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United states." 28 U.S.C. § 1331. They also have jurisdiction over all civil actions where the matter in controversy is greater than $75,000 and the action is between parties of diverse citizenship. 28 U.S.C. § 1332(a).

In any lawsuit, "[i]t is black-letter law that a federal court has an obligation to inquire <u>sua sponte</u> into its own subject matter jurisdiction." <u>McCullock v. Velez</u>, 364 F.3d 1, 5 (1st Cir. 2004). Moreover, "parties cannot confer subject matter jurisdiction on a federal court by waiver or consent." <u>Quinn v. City of Boston</u>, 325 F.3d 18, 26 (1st Cir. 2003). Thus, if a district court discovers that it lacks subject matter jurisdiction over a pending action, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

B.  Ramirez Has Not Alleged Facts to
    Support Subject Matter Jurisdiction

The Court must dismiss Ramirez's lawsuit for lack of subject matter jurisdiction. Although Ramirez has alleged that the Court has jurisdiction under 42 U.S.C. § 1331, see Compl. at 3, he has not alleged facts that fulfill the requirements of federal question jurisdiction. As explained above, Ramirez's claims for violation of his constitutional rights by a private actor fail. Further, Ramirez did not identify, nor could the Court locate, a federal statute that would give rise to a cause of action by Ramirez against Williams under the alleged circumstances. Although Ramirez may have a claim against Williams under state law, Ramirez's lawsuit is simply not a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Similarly, Ramirez's allegations do not support diversity subject matter jurisdiction under 28 U.S.C. § 1332.[1] Ramirez and Williams both appear to be citizens of Massachusetts. Although Ramirez is currently incarcerated in Florence,

---

[1] For purposes of analyzing whether Ramirez has alleged facts to support diversity subject matter jurisdiction, the Court will assume that Ramirez has stated a claim against Williams under state law. This assumption, however, is not an indicator of the merit or lack thereof of any such claim.

Colorado, a prisoner is a citizen of his state of citizenship prior to incarceration, absent a showing that the prisoner intends to live elsewhere when he is released.  See, e.g., Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1314 (11th Cir. 2002), Singletary v. Continental Illinois Nat'l Bank & Trust Co. of Chicago, 9 F.3d 1236, 1238 (7th Cir. 1993); Jones v. Hadican, 552 F.2d 249, 251 (8th Cir. 1977) (per curiam).  In order for a prisoner to establish diversity jurisdiction based on the theory that his domicile has changed since his incarceration, "the complaint must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile."  Jones, 552 F.2d at 251.

Although Ramirez does not explicitly allege that he is a citizen of Massachusetts or of any other state, he represents that he lived in Massachusetts prior to his incarceration.  Compl. at 3, 6.  Ramirez does not allege facts that even hint that he has the intention to acquire a new domicile.  The Court has no reason to believe that Ramirez is a citizen of any other state than Massachusetts.  Williams has also apparently lived in Chelsea since 2000 or earlier, and nothing in the complaint suggests she is not a citizen of Massachusetts.  The Court concludes that Ramirez has not

alleged diversity of citizenship, and therefore 28 U.S.C. § 1332 does not provide a basis for subject matter jurisdiction over Ramirez's lawsuit.

Further, even if the complaint could be construed as alleging diversity of citizenship, Ramirez's claims do not meet the $75,000 amount in controversy requirement of 28 U.S.C. § 1332.  Ramirez seeks $5,809.98 with interest in actual damages and $50,000 in punitive damages.  Compl. at 8. Ramirez's alleged damages are well below the $75,000 required for diversity jurisdiction.  Because Ramirez has failed to allege an amount in controversy that satisfies 28 U.S.C. § 1332, it does "appear to a legal certainty that the claim is really for less than the jurisdictional amount" and dismissal is justified.  Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938) (footnotes omitted)).

The subject matter jurisdictional defects of Ramirez's complaint support dismissal of his lawsuit.  Although "[d]efective allegations of jurisdiction may be amended," 28 U.S.C. § 1653, in this case it would require a wild imagination to envision how Ramirez could amend his complaint to properly allege subject matter jurisdiction.  An action based on a dispute between a private tenant and landlord (most

likely of identical citizenship), concerning forged endorsements on checks, and in which the alleged actual damages are $5,809.98 plus interest and the alleged punitive damages are $50,000, cannot support federal question or diversity subject matter jurisdiction.

## CONCLUSION

ACCORDINGLY, for the reasons stated above, the Court orders that this action be dismissed.

SO ORDERED.

```
  2/2 2/2005                         /s/ Morris E. Lasker
DATE                               UNITED STATES DISTRICT JUDGE
```