IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (BOSTON)

| | | |
|---|---|---|
| ALDO RAMIREZ,<br>Plaintiff, | * | |
| | * | |
| v. | * | Civil Doc.No.:<u>1:04-cv-12727-MEL</u> |
| | * | |
| SHERRI WILLIAMS,<br>Defendant. | * | |

<u>PLAINTIFF'S NOTICE OF APPEAL</u>

COMES NOW Plaintiff Aldo Ramirez (hereinafter "Plaintiff"),Pro-Se,and move this Honorable Court for leave to file his instant Notice of Appeal reference to Judge Morris E.Lasker Order of Dismissal of Plaintiff's abovestyled civil lawsuit,pursuant to Federal Rule of Appellate Procedure 4(a)(1).

In support of Plaintiff's instant Notice of Appeal he asserts as follows:

<u>STATEMENT OF THE CASE</u>

Plaintiff filed his Civil complaint with this Court on the 27th of December,2004.At the same time he additionally filed an affidavit,<u>ex parte</u> motion for a lien on the defendant's property,and an application to proceed <u>in forma pauperis</u>,pursuant to 28 U.S.C.§ 1915(a)(2).Plaintiff was granted by this Court the right to proceed without prepayment of the filing fee,in a separate order.Plaintiff filed his Civil Lawsuit under the rule stated in <u>Bivens v.Six Unknown Named Agents of Fed.Bureau of Narcotics</u>,403 U.S.388 (1971). Plaintiff seeks $5,809.98 with interest in actual damages and $50,000.00 in punitive damages in punitive damages.

In a 9 page MEMORANDUM AND ORDER OF DISMISSAL this Court dismissed Plaintiff's complaint basing that dismissal on subject matter jurisdiction defects. On 2/22/2005, the Honorable Morris E. Lasker, United States District Judge, dismissed Plaintiff's abovestyled civil action for said reason.

### POINTS AND AUTHORITIES

Plaintiff contends that it was an abuse of the Court's discretion to out-of-hand dismiss his complaint sua sponte for the reason stated in the order. Plaintiff clearly stated in his complaint (at page 3) that he invoked Title 28 U.S.C.§ 1331 as authority of jurisdiction for this Court to entertain his lawsuit.

In its Memorandum And Order of Dismissal, this Court postulated that the U.S.District Court have jurisdiction over all civil actions where the matter in controversy is greater than $75,000 (Memorandum and Order at page 5). Plaintiff submit that this Honorable Court failed to consider Title 28 U.S.C. § 1331(a)...which provides:

> "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000 exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

See 28 U.S.C.§ 1331(a).

In the requested relief section of Plaintiff's lawsuit, he clearly articulated that he seeks $5,809.98 - in actual damages; and $50,000.00 in punitive damages. Plaintiff additionally seeks the actual damages interest accrued over the entire period of time that his personal financial property remains within the physical possession of the captioned named defendant. See id. at 8. Plaintiff argues that the sum or value in controversy constitutes the $5,809.98 in conjunction with the $50,000.00 punitive damages request. Collectively, that is a sum or value of $55,809.98. The requested interest is not

combined in that figure,and the costs of Court and/or attorney(s) fee(s) are not reflected in that figure either.Therefore Plaintiff has met the criteria set forth in 28 USC § 1331(a).

With respect to the Defendant Williams not acting "under color of State law," as reasoned the Court in its ruling in this case.Plaintiff submit that Defendant Williams was not authorized under Massachusetts State law to do Federal Income Tax Returns.Nor was she authorized under any federal statute to perform that duty. Nevertheless,she professed to be so licensed which initiated the whole fraudulent matter at issue. While it is true that the Defendant was Plaintiff's former landlord.Plaintiff fail to comprehend how that former status provided her authority to act under color of State or Federal law by performing the official act of preparing the Federal Income tax Return document which was,in fact,a legal and official document.It is that unsanctioned action on the part of Defendant Williams which precipitated this instant action. Plaintiff contends that because it was a Federal Income Tax Return document,it axiomatically precludes it being "under color of state law." Because the Income Tax Return constituting $4,809.98 was exclusively Federal in nature.This Court thereby authomatically have jurisdiction to entertain this matter at issue.

Reference to the matter of [diversity of citizenship] as expounded on by the Court in its Memorandum And Order that Plaintiff and Defendant both appear to be citizens of Massachusetts.

This Court further stated in its Memorandum And Order as following:

> Although Ramirez is currently incarcerated in Florence, Colorado,a prisoner is a citizen of his state of citizenship prior to incarceration,absent a showing that the prisoner intends to live elsewhere when he is released.See e.g., Mitchell v.Brown & Williamson Tobacco Corp.,294 F.3d 1309, 1314 (11th Cir.2002),Singletary v.Continental Nat'l Bank & Trust CO.of Chicago,9 F.3d 1236,1238 (7th Cir.1993), Jones v.Hadican,552 F.2d 249,251 (8th Cir.1977)(per curiam).

See <u>Court's Memorandum And Order of Dismissal</u> - at page 7.

The Court additionally stated in its ruling as followings:

> Although Ramirez does not explicitly allege that he is a citizen of Massachusetts or of any other state, he represents that he lived in Massachusetts prior to his incarceration. Compl. at 3,6.

See <u>Court's Memorandum And Order of Dismissal</u> - at page 7.

Plaintiff contends that it was an abuse of the Court's discretion to make such a presumption and based on that erroneous presumption dismiss his lawsuit <u>sua sponte</u> ...absent providing him an opportunity to augment his suit to reflect the facts that (1) he was a legal citizen of Massachusetts but his Green Card has been revoked; and (2) as of December 18, 2002, Plaintiff has been adjudicated to be deported back to his native Country of Guatemala, Central America - upon completion of his term of imprisonment. <u>See</u> attached Exhibit "A".

Plaintiff that because of his pending deportation. He certainly meet the criteria to satisfy 28 U.S.C.§1332. Plaintiff moreover assert that had he been rendered an opportunity or notice to be heard...given this Court's having granted Plaintiff's request to proceed without prepayment of the filing fee [under 28 U.S.C.§ 1915]. Then he could have most assuredly remedied the proferred subject matter jurisdiction defects.

In its <u>Memorandum And Order</u> the Court postulated that Plaintiff alleged an Eighth Amendment and a Fourteenth Amendment violation. In essence, the Court held that Plaintiff's complaint does not satisfy the substantive requirements of 28 U.S.C.§1915. The Court has taken the position that Plaintiff's complaint lacks a merit legal theory. See <u>Memorandum And Order</u> - at pages 2-3). For some unexplained reason the Court has inadvertently overlooked the fact that Plaintiff's entire accusation concerning the Defendant Williams is based on (1) theft of his two financial monetary properties constituting

the amount of $5,809.98; and (2) that Defendant Williams perpetrated two (2) unmitigated frauds against both Plaintiff and his wife in unlawfully seizing their financial property.In order to carry out that perpetration Defendant Williams [assumed] the identity of a State of Massachusetts official,impersonating the identity of a State of Massachusetts authorized Federal Income Tax Return preparer.Plaintiff respectfully submit that although he cannot verbatim quote the necessary Massachusetts criminal code statute involved.Nevertheless,he remains confident that it is contrary to Massachusetts Criminal Codes for Defendant Williams to execute acts of theft,in an amount exceeding $100.00 which automatically makes it a felony. He is further assured of the fact that tampering with the Internal revenue Service income Tax Check made out exclusively to Plaintiff and his wife, constitute both a State of Massachusetts crime as well as a federal crime.

Plaintiff asserts that under the Fourteenth Amendment of the United States Constitution: (1) Due process requires as general matter opportunity to be heard at meaningful time and in a meaningful manner; and (2) Citizens must be afforded due process before deprivation of life,liberty or property. Anthony.v.Interform.Corp.,96 F.3d 692 (3rd Cir.1996);Matthews.v.Eldridge, 424 US 319,333,47 LED2d 18,96 SCt 892 (1976);Boddie.v.Connecticut,401 US 371,28 LEd2d 113,91 SCt 780 (1971);Arnstrong.v.Monzo,380 US 545,552,14 LEd2d 62,85 SCt 1187 (1965). Plaintiff was deprived of his personal financial property by Defendant Williams.That deprivation violated his 14th Amendment rights.

Plaintiff further asserts that due process clauses are not limited in their application to citizens. Torres.v.I.N.S.,144 F.3d 472 (7th Cir.1998).

With respect to Plaintiff's Eighth Amendment violation allegation,he respectfully submit that,without reservations,Defendant Williams unlawful act(s) of depriving him and his wife of their personal financial property

-5-

constituted cruel and unusual punishment.

The scope of Eighth Amendment protection is broader than the mere infliction of physical pain. Scher v. Engelke, 943 F.2d 921 (8th Cir.1991).

Infliction of psychological pain can violate Eighth Amendment's prohibition against cruel and unusual punishment.
Perkins v. Kansas Dept. of Corrections, 165 F.3d 803 (10th Cir.1999).

Practices that involve unneccessary and unrestricted infliction of pain are prohibited. Rhodes v. Chapman, 452 US 337, 69 LEd2d 59, 101 SCt 2392 (1981).

In Preiser v. Rodriguez, the Supreme Court explained that a prisoner seeking damages for deprivation of constitutional of federally created rights may properly bring suit under section 1983. 411 U.S. 475, 499 & n.14 (1973); See also Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974).

Plaintiff contends that besides Fourth Amendment violations which Bivens originated under. Subsequent cases have held the Bivens theory of recovery applies to other claims under various rights enumerated in the Constitution such as Plaintiff's instant allegations of Defendant Williams violation of his Eighth and Fourteenth Amendments.
See Bivens v. Six Unknown Named Narcotic Agents, 403 U.S. 388 (1971). see also Young v. Pierce, (DC Tex. 544 F.Supp. 1010); and Eighth Amendment claims in Macky v. Indiana Hospital, (DC PA 562 F.Supp. 1251). For review of the Due Process rights see Application of Gault, 87 Supreme Court Reporter, 1428, 1435; Schneider v. Margossian, 349 F.Supp. 741; Pinsky v. Duncan, 898 F.2d 852; and Boddie v. Connecticut, 91 S.Ct. 780.

Civil rights complaints are to be liberally construed.
Moore v. McDonald, 30 F.3d 616 (5th Cir.1994);
Buckley v. County of Los Angeles, 957 F.2d 652 (9th Cir.1992).

Complaints need not plead facts.
Palmer v. BD. of Educ. Comm. Unit School Dist., 46 F.3d 682 (7th Cir.1995).

-6-

Court should allow liberal amendment of pro se plaintiff's civil rights complaint.

Small v. Lehman, 98 F.3d 762 (3rd Cir.1996).

A plaintiff bringing a civil rights claim may be compensated for intangible, psychological injuries as well as financial, property, or physical harms.

Ferrill v. Parker Group, Inc., 168 F.3d 468 (11th Cir.1999).

Action under § 1983 is an "action at law" within meaning of seventh Amendment right to jury trial.

City of Monterey v. Del Monte Dunes, ____ US ____, ____ LEd2d ____, 119 SCt 1624 (1999).

Plaintiff would respectfully remind the Court that he filed his civil lawsuit under the pro se status.

An individual has a constitutional right to represent himself.

Faretta v. State of Claifornia, 422 US 806, 45 LEd2d 562, 95 SCt 2525 (1975).

In reviewing pro se complaint, Court of Appeals **must** employ standard less stringent than if complaint was drafted by counsel.

Hulsey v. Owens, 63 F.3d 354 (5th Cir.1995);

Baker v. Cuomo, 58 F.3d 814 (2nd Cir.1995).

Pro se litigant pleadings are... construed liberally and held to less stringent standard than formal pleadings drafted by lawyers; if court can reasonably read pleadings to state valid claim on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleadings requirements.

Tapia-Ortiz v. Doe, 171 F.3d 150 (2nd Cir.1999);

Spencer v. Doe, 139 F.3d 107 (2nd Cir.1998);

Boag v. MacDougall, 454 US 364, 70 LEd2d 551, 102 SCt 700 (1982);

Haines v. Kerner, 404 US 519, 30 LEd2d 652, 92 SCt 594 (1972).

-8-

WHEREFORE Plaintiff respectfully petition this Honorable Court to permit him to amend and supplement his complaint with the contents of this appeal; and to raise to $ 75,000 the punitive damages request. Plaintiff further request that the Memorandum_And_Order_Of_Dismissal imposed in this case by Judge lasker be reversed and that Plaintiff's civil complaint be allowed to proceed forward within the spear of a jury trial as demanded by the Plaintiff at this time, pursuant to his Seventh Amendment Constitutional right. These request are submitted pursuant to Federal Rule of Civil Procedure 15(a) and (d).

Executed this 10 day of March, 2005.

Respectfully submitted,

By: *Aldo Ramirez*
Aldo ramirez (Plaintiff)
Reg.No.16812-265
Federal Correctional Institution
P.O.Box 6000
Florence, Colorado 81226-6000

U.S. Department of Justice    N/A                N/A

Immigration and Naturalization Service        **Immigration Detainer - Notice of Action**

# PLEASE FORWARD TO ANY ONWARD INSTITUTION

| File No | A42 171 933 |
|---|---|
| Date: | December 18, 2002 |

| To: (Name and title of institution) | From: (INS office address) |
|---|---|
| FCI Florence | U.S. Immigration and Naturalization Service<br>4730 Paris Street<br>Denver, Colorado 80239 |

Name of alien: **RAMIREZ Mazariegos, Aldo Emilio**    BOP #16812-265

Date of birth: 07/25/1964    Nationality: Guatemala    Sex: Male

**You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:**

☐ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on _____ (Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ (Date)

☒ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

X  Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling __303-371-5603__ during business hours or __303-826-8030 (pager)__ after hours in an emergency.

Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience. Please return a signed copy via facsimile to _____ (Area code and facsimile number)

Return fax to the attention of __Duty Officer__ at __303-361-0493 (fax)__
(Name of INS officer handling case)    (Area code and phone number)

Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

Notify this office in the event of the inmate's death or transfer to another institution.

☒ Please cancel the detainer previously placed by this Service on __any prior date.__

Kelly Garbiso  _Kelly Garb_ (signature)                DEPORTATION OFFICER
(Signature of INS official)                  (Title of INS official)

**Receipt acknowledged:**

Date of latest conviction: 01/15/02    Latest conviction charge: Illegal Re Entry
Estimated release date: (CPPD) 11-05-2007
Signature and title of official: Clayton, LIE

Faxed to ENS 4/28/03
Copy to unit & CMC.
03.

Form I-247 (Rev. 4-1-97)N

EXHIBIT "A"