```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

ALDO RAMIREZ,                    )
                                 )
        Plaintiff,               )
                                 )    C.A. No. 04-12727-MEL
        v.                       )
                                 )
SHERRI WILLIAMS,                 )
                                 )
        Defendant.               )
```

ORDER

For the reasons stated below, the Court denies the plaintiff's motion to modify the Court's February 22, 2005 order on the plaintiff's application to proceed without prepayment of the filing fee.

BACKGROUND

On December 27, 2004, plaintiff Aldo Ramirez filed the complaint in this action in which he alleges that in 2000 and 2001, his former landlord, defendant Sherri Williams, fraudulently endorsed two checks made payable to Ramirez and deposited the checks into her personal bank account. Ramirez is currently incarcerated at FCI Florence in Colorado.

In an order dated February 22, 2005, the Court granted Ramirez's application to proceed without prepayment of the $150.00 fee assessed for commencing a civil action. According to the prison account statement Ramirez submitted, in the six months preceding the filing of his lawsuit, the average monthly balance of Ramirez's prison account statement was $39.25; the average

monthly deposit for the same period was $51.50.  As required by 28 U.S.C. § 1915(b), the Court assessed an initial partial filing fee equal to twenty-percent of the higher of these two figures, which was $10.30.  On the second page of this order, the Court stated:

> If the plaintiff files, within 35 days of the date of this Order, a certified copy of his/her prison trust account or a statement signed by plaintiff under the pains and penalties of perjury demonstrating eligibility to proceed in this action without paying an initial partial filing fee or without payment of any fee assessed above, the Court will consider the certification or statement in determining whether to modify any fee assessment under 28 U.S.C. § 1915(b)(2).

Although the Court granted Ramirez's complaint to proceed <u>in forma pauperis</u>, pursuant to 28 U.S.C. § 1915(e), the Court did not allow summons to issue and screened Ramirez's complaint.  In an order dated February 24, 2005, the Court ordered that Ramirez's action be dismissed for lack of subject matter jurisdiction.

On March 14, 2005, Ramirez filed a notice of appeal as to the Court's dismissal of his action.  He also submitted a copy of the Court's February 22, 2005 order on the application to proceed <u>in forma pauperis</u>, with the language quoted above concerning modification of the fee assessment circled.  Ramirez attached to this order a statement showing the activity of his prison account from September 10, 2004 through February 15, 2005, when the balance of the account was $.67.

DISCUSSION

I. <u>Compliance with the Federal Rules of Civil Procedure</u>

Ramirez has not indicated the purpose for which he submitted a copy of the Court's February 22, 2005 order and his prison account statement. Although the Court presumes that Ramirez seeks modification of the fee assessment set forth in that order, the Federal Rules of Civil Procedure require that plaintiffs adhere to certain pleading requirements. Rule 7 dictates that motions "shall state with particularity the grounds [of the motion], and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b)(1). As with all pleadings, motions must contain a designation identifying the nature of the document. Fed. R. Civ. P. 7(a), 7(b)(2), 10(a). Motions also must be signed by the moving party. Fed. R. Civ. P. 7(b)(3). These requirements are more than mere formalities: compliance with pleading requirements avoids situations, such as this one, where the Court is left to guess the purpose of a document. The Court could reject the document Ramirez filed on the ground that he has failed to comply with these procedural rules.

In the interest of judicial efficiency, however, the Court will nonetheless treat Ramirez's pleading as a motion and will consider whether grounds exist to modify the Court's February 22, 2005 order concerning assessment of the filing fee.

II.  <u>Modification of the Court's February 22, 2005 Order</u>

    No grounds exist to alter the Court's February 22, 2005 order.  The Court acknowledges that Ramirez has submitted documentation showing that the balance of his prison account was $.67 on February 15, 2005.  However, the fact that Ramirez does not have enough money in his account <u>at this time</u> to pay the initial partial filing fee does not mean that the Court's February 22, 2005 order should be modified.  See <u>Wilson v. Sargent</u>, 313 F.3d 1315, 1317, 1320 (11th Cir. 2002) (holding that assessment of an initial filing fee of $7.16 was proper even though prisoner's account balance was only twenty-four cents); <u>Taylor v. Delatoore</u>, 281 F.3d 844, 850 (9th Cir. 2002) (assessment of initial partial filing fee of $6.62 was proper even though prisoner had negative balance in account).  Ramirez still has the means to pay the initial partial filing fee of $10.30: the recently-submitted prison account statement indicates that Ramirez earns approximately $18.00 per month while working at the prison.  See <u>Newlin v. Helman</u> 123 F.3d 429, 435 (7th Cir. 1997) ("It is not enough that the prisoner lack assets on the date he files.  If that were so, then a prisoner could squander his trust account and avoid the [initial partial filing] fee.... A prisoner with periodic income has 'means' [to pay the initial partial filing fee] even when he lacks 'assets.'"), <u>overruled in part on other grounds by</u> <u>Lee v. Clinton</u>, 209 F.3d 1025 (7th Cir.

2000). Moreover, even if the Court were to recalculate the initial partial filing fee based on Ramirez's prison account activity from September 1, 2004 through February 15, 2005, the fee would be $9.93--only thirty-seven cents less than the initial partial filing fee assessed on February 22, 2005.

Finally, once the initial partial filing fee has been paid, the remaining portion of the filing fee is collected according to 28 U.S.C. § 1915(b)(2), which requires the prisoner "to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). "[E]ach time the amount in the account exceeds $10.00," the prison's treasurer forwards the payment to the court, until the filing fee is paid in full. Id. Thus, "once the initial filing fee is paid, the payments are slight." Hampton v. Hobbs, 106 F.3d 1281, 1284 (6th Cir. 1997).

## CONCLUSION

ACCORDINGLY, for the reasons stated above, the Court denies Ramirez's motion to modify the Court's February 22, 2005 order assessing an initial partial filing fee of $10.30.
SO ORDERED.

| | |
|---|---|
| _3/25/05_ | _/s/ Morris E. Lasker_ |
| DATE | UNITED STATES DISTRICT JUDGE |